UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GERY CONN,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05698-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of the defendant Commissioner's partial denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision is reversed and this matter is remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 30, 2008, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 20, 2003, due to ankle problems, knee problems, lower lumbar problems, right hip problems, right shoulder problems, obesity, and asthma. See Administrative Record ("AR") 144-54, 179, 203. His applications were denied upon initial administrative review and on reconsideration. See AR 82-88, 93-103. A hearing was held before an administrative law

ORDER - 1

judge ("ALJ") on November 11, 2009, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert.  See AR 23-68.  On December 21, 2009, the ALJ issued a decision finding Plaintiff not disabled. See AR 6-22.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 25, 2011, making the ALJ's decision the Commissioner's final decision. See AR 1-3; see also 20 C.F.R. § 404.981, § 416.1481.  Plaintiff sought judicial review, and the District Court for the Western District of Washington reversed and remanded the case for further proceedings.  AR 1224-50.

A second administrative hearing was held on December 7, 2012, and the ALJ subsequently issued a decision finding Plaintiff disabled as of February 1, 2012, but not disabled before that date. AR 1146-61, 1171-1203.  On September 3, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See ECF ## 1, 3.  The administrative record was filed with the Court on November 18, 2014.  See ECF # 14.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for a finding of disability, or further proceedings in the alternative (depending on which errors are found by the Court), because the ALJ erred: (1) in inferring a disability onset date without consulting a medical expert; (2) in failing to account for Plaintiff's manipulative limitations and medication side effects in her residual functional capacity ("RFC") assessment[1]; and (3) in discounting Plaintiff's credibility.  The Court agrees the ALJ erred in inferring the onset date of Plaintiff's disability, and therefore concludes that this matter should be remanded

---

[1] The Court here consolidates two of Plaintiff's assignments of error into one.  ECF # 17 at 6 (assigning error to the ALJ's failure to include manual dexterity limitations in the RFC assessment) and 14 (assigning error to the RFC assessment and step-five findings because they did not account for Plaintiff's manual dexterity limitations and medication side effects).

ORDER - 2

for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

ORDER - 3

I.      Disability Onset Date

The ALJ found that Plaintiff became disabled on February 1, 2012, because, *inter alia*, on that date he met Listing 12.04 (due to his mood disorder).  AR 1161.  The ALJ explained that although Plaintiff had been treated for depression prior to February 1, 2012, his symptoms were non-severe before that date.  AR 1149.  The ALJ explained that she found he met Listing 12.04 as of February 1, 2012, "taking into account that he attempted suicide in early February 2012."  AR 1161.

Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (Jan. 1, 1983), discusses when an ALJ should call a medical expert to assist in establishing a disability onset date.  The Ninth Circuit has held that if the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 *requires* the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination."  DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991) (emphasis added); see also Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998) ("where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date"); Morgan v. Sullivan, 945 F.2d 1079, 1083 (9th Cir. 1991) (inferring a disability onset date "is not possible without the assistance of a medical expert").

The Commissioner's brief does not directly address the requirements of SSR 83-20, or address any of the relevant Ninth Circuit authority interpreting that ruling.  ECF # 21 at 6-8.  Instead, she focuses on the pre-February 2012 evidence of Plaintiff's depression, which she

---

substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

claims was "reasonably" found by the ALJ to demonstrate only "minimal limitations." ECF # 21 at 6-7. Even if the ALJ's interpretation of the evidence was reasonable, the Commissioner has not shown that it was proper for the ALJ to interpret evidence of a disability onset without the assistance of a medical expert, given that the evidence does not definitively establish an onset date.

Furthermore, the ALJ's explanation for finding that Plaintiff's mood disorder became severe in February 2012 focuses exclusively on his February 2012 suicide attempt (AR 1161), although he reported in February 2012 that he had been experiencing ongoing, daily suicidal ideation and had previously attempted suicide twice before. See AR 1424-25. The ALJ's explanation is insufficient as to the basis for selecting February 1, 2012, as the date that Plaintiff's mood disorder first met Listing 12.04.

On remand, the ALJ shall reconsider her findings as to the onset of Plaintiff's disability under Listing 12.04, and shall, if necessary, call a medical expert to aid in determining the onset date.

II.     RFC Assessment & Credibility

Plaintiff argues that the ALJ erred in failing to account for manipulative limitations in the RFC assessment, despite evidence of his hand and arm neuropathy, cervical disc herniation and degenerative disease. ECF # 22 at 5. Plaintiff points to no medical opinion evidence establishing that he has any such manipulative limitations, however[3]; the only evidence explicitly describing manipulative limitations was his own testimony at the first administrative hearing and as reported to providers, and his mother's testimony at the second administrative hearing. ECF #

---

[3] Plaintiff seems to argue that the Court should infer that his medical conditions caused certain manipulative limitations, but the Court declines to do so, in the absence of a medical opinion that those limitations exist. See ECF # 17 at 11 (Plaintiff's brief arguing that "[l]imitations on handling and fingering *seem to fit*" various medical findings (emphasis added)).

ORDER - 5

22 at 4-5.  Plaintiff testified at the first administrative hearing that his neck pain causes his arms to become numb, to the point where he cannot use a keyboard for any longer than 10 or 15 minutes.  AR 40, 55-56.  Plaintiff's mother testified that prior to his March 2011 cervical fusion, Plaintiff had "numbness going down his arms and tingling.  He had trouble holding pens and stuff, and he did a lot of shaking."  AR 1190.  The ALJ mentioned Plaintiff's mother's testimony about his manipulative limitations in her decision, and noted that Plaintiff reported arm/hand pain and paresthesia to providers.   AR 1152, 1154-55.

Plaintiff also argues that the ALJ erred in failing to account for the drowsiness he experienced as a side effect of his medications and, again, the only evidence establishing the existence of these side effects is Plaintiff's own testimony.  See, e.g., AR 42.  If the ALJ properly discounted the credibility of Plaintiff's subjective testimony, then the ALJ was not required to account for limitations established only by non-credible testimony.  See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding no error in an ALJ's failure to explicitly address the drowsiness side effect of a claimant's medications because "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints").  Thus, Plaintiff's argument regarding RFC assessment deficiencies rises or falls with his challenge to the sufficiency of the ALJ's adverse credibility determination.

The ALJ explained that she discounted the credibility of Plaintiff's subjective complaints of pain due to (1) inconsistencies with the objective medical evidence, (2) Plaintiff's improvement with medication (when compliant with recommendations), and (3) Plaintiff's self-reported activities.  AR 1155.  To reject a claimant's subjective complaints, an ALJ must provide "specific, cogent reasons for the disbelief."  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996).

ORDER - 6

Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.

Plaintiff does not argue that the ALJ's reasons are not clear or convincing, or not supported by substantial evidence, but contends that these reasons are not sufficiently specific to reject the testimony regarding his manipulative limitations and his medication side effects, because the ALJ did not explicitly explain why that particular testimony lacked credibility. ECF # 17 at 12-14. Plaintiff misapprehends the requirements of an ALJ's adverse credibility determination. An ALJ is not required to assess the credibility of every statement uttered by a claimant, because the ALJ's determination need not apply to particular, individual statements, but rather addresses the credibility of a claimant's testimony overall. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (holding that an ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain'" (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991))).

Plaintiff suggests that the Ninth Circuit requires an ALJ to explain why every bit of rejected testimony lacks credibility, but he is mistaken. In Treichler v. Comm'r of Social Sec. Admin., 775 F.3d 1090, 1102-03 (9th Cir. 2014), the Ninth Circuit found insufficient an ALJ's one-sentence, boilerplate finding that the claimant's testimony was not credible to the extent it was inconsistent with the ALJ's RFC assessment. The Treichler court emphasized that while an ALJ's credibility "analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." 775 F.3d at 1103. The Treichler court did not, as contended by Plaintiff, require that

ORDER - 7

an ALJ cite "specific evidence to undermine particular pieces of testimony."  ECF # 17 at 14.

Neither is such a requirement found in Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014). In Garrison, the Ninth Circuit held that an ALJ's reasons to discount the claimant's credibility were not clear and convincing, or not supported by substantial evidence, but did not fault the ALJ for failing to address every aspect of the claimant's testimony.  759 F.3d at 1015-18. Indeed, the Garrison court repeatedly refers to the claimant's subjective testimony about her symptoms as a whole, rather than isolating individual statements about particular symptoms.  Id. This treatment of a claimant's credibility is consistent with the application of "ordinary techniques of credibility evaluation" in Social Security cases; a claimant's reputation for lying, or history of making inconsistent or less-than-candid statements, would not, for example, undermine particular statements about symptom.  See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (holding that "ordinary techniques of credibility evaluation" may be employed by an ALJ in assessing a claimant's credibility).

Accordingly, because Plaintiff's only challenge to the ALJ's adverse credibility determination is based on an incorrect standard, Plaintiff has failed to establish error in the ALJ's credibility determination or, as a result, establish error in the ALJ's failure to account for symptoms that were established only by subjective testimony.  See Bayliss, 427 F.3d at 1217.

//

//

//

//

//

//

ORDER - 8

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly inferred the onset of Plaintiff's disability.  Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 5th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9